[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff construction partnership brings this complaint, as amended, seeking to recover of the defendants for materials furnished and services performed in the modification CT Page 4112-PP and improvement of the defendant's building known as 51 Lawnacre Road, Windsor Locks.
The defendants have answered the complaint and have counterclaimed seeking damages for breach of contract.
This action results from an agreement entered into by the parties wherein the plaintiffs were to reconstruct certain aspects of the interior of an existing building owned by the defendants. Other aspects of the reconstruction was to be performed by other contractors separate from that construction to be performed by the plaintiffs.
However, all contractors were more or less dependent on the work schedules of the other contractors in order that reconstruction could proceed in an efficient and orderly progression.
As to work to be performed by the plaintiff, the parties had entered into a written agreement dated December 27, 1991, where in the plaintiff was to perform certain construction and/or reconstruction for which the defendants would pay $78,318.00.
The plaintiff alleges that subsequent amendments and/or changes by the parties increased the amount due to the plaintiff to $99,185.42. of that sum, the plaintiff claims to have received $68,467.19 toward the total amount due; and, that the outstanding amount of $30,718.23 has not been paid by the defendants to the plaintiff.
The defendants admit the execution of the written contract by the parties; that, the plaintiff did provide construction services for the defendants, but that the defendants breached that agreement in failing to perform those services in a skillful and workmanlike manner; and, failed to complete the work by the agreed upon extension date.
The defendants claim damages of $25,226.00 in their counterclaim.
The court after hearing the evidence, and examining the exhibits introduced at the trial, as well as hearing counsels' summations at the conclusion of the trial, and reading the briefs and proposed findings of facts, makes the following findings: CT Page 4112-QQ
That the agreement of the parties as amended was for the total sum of $73,543.00. The plaintiff was to perform certain work and provide materials; the defendants were to make the total payments as indicated.
The defendants did make payments amounting to $59,717.19 as set out in requisitions 1 through 6. The defendants also retained the sum of $3,143.01 as provided for in the agreement.
In addition to the provisions set out in the parties' agreement various other work was provided by the plaintiff with the knowledge of and approval of the defendants; and also provided benefits to the defendants. This work or benefit provided by plaintiff to the defendants was in addition to that set out in the parties above mentioned agreement.
The work provided by the plaintiff for the defendants, or for their benefit, and the reasonable value of those items is:
 Concealed column plans revision $ 608.00 Extending glass block wall-labor 304.00 Window size change 300.00 Plumbing 200.00 New door 250.00 Larger door 500.00 Marble thresholds 150.00 Shelving 304.00 Cabinets and countertops 481.50 Pressure treated wood 230.00 Aluminum sills 250.00 Tile 330.32 Replacement doors 230.00 ---------- $ 4,137.82
In addition, the plaintiff concedes that the following items were deleted from the contract:
 Alter facia panels $ 1,000.00 Carpet 3,750.00 Awnings 4,000.00 ---------- CT Page 4112-RR $ 8,750.00
 Further, that defendants are entitled to a credit for wallpaper $ 1,000.00 ---------- $ 9,750.00
Therefore, the adjusted contract price of $73,543.00 plus the additional work by plaintiff 4,137.92 ---------- amounts to $77,680.82
Less:
 defendants payment to plaintiff $59,717.19 deletions from contract 8,750.00 credit to defendants for wallpaper 1,000.00 ---------- $69,467.19
Balance due plaintiff on Complaint $ 8,213.63
As to the defendants counterclaim, the court finds for the defendants on their counterclaim the following:
 Door hardware $ 267.00 Door rehanging 120.00 Fire retardant painting 800.00 Window credit 100.00 ---------- Total $ 1,287.00
The court finds that the plaintiff's are to recover of the defendants the sum of $8,213.63 on its complaint; that the defendants are to recover of the plaintiff the sum of $1,287.00 on their counterclaim.
Therefore, the court Orders that the plaintiff is to receive of the defendants the sum of $8,213.63; less the sum of $1,287.00 due the defendants on its counterclaim, that is, the net sum of $6,926.62 to the plaintiff from the defendants.
Therefore, judgment is to enter for the plaintiff in the sum of $6,926.63 as against the defendants, together with CT Page 4112-SS assessable court costs.
JULIUS J. KREMSKI STATE TRIAL REFEREE